IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**UNITED STATES OF AMERICA,**

                              4:90cr4051-WS

**vs.**                              4:06cv16-WS/WCS

**JAMES DENSON,**

      **Defendant.**

      _____/

## REPORT AND RECOMMENDATION TO DISMISS §2255 MOTION

     Defendant Denson filed a 28 U.S.C. § 2255 motion and supporting memorandum of law (hereafter § 2255 memo). Doc. 594. Defendant challenges his 1991 sentence to 660 months for conspiracy to possess with intent to distribute cocaine and cocaine base, and possession with intent to distribute cocaine and cocaine base. The judgment was affirmed per curiam on July 3, 1993. Doc. 395 (a copy is attached to doc. 594 as Ex. D).

     Defendant argues that he was denied his constitutional rights at sentencing in light of United States v. Booker, 543 U.S. 200, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). Doc. 594, p. 4. He argues that there was no jury finding of drug type or quantity, and

other enhancements were made to his sentence based on judicial factfinding, under the United States Sentencing Guidelines. § 2255 memo, p. 2-3, 13-14, 18-20. He relies on, *inter alia*, Booker, Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 2537, 159 L.Ed.2d 403 (2004), Ring v. Arizona, 536 U.S. 584, 589, 122 S.Ct. 2428, 2432, 153 L.Ed.2d 556 (2002), Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and Jones v. United States, 526 U.S. 227, 119 S.Ct. 1215, 143 L.Ed.2d 311 (1999).[1]  *Id.*

Defendant concedes that conviction became final on September 3, 1993, for purposes of commencing the one year time limit for filing a motion under § 2255 ¶ 6(1). § 2255 memo, p. 1. He claims, however, that his claim is timely under § 2255 ¶ 6(3) and Dodd v. United States, 545 U.S. __, 125 S.Ct. 2478, 160 L.Ed.2d 621 (2005). *Id.*, pp. 1, 6.[2]

Dodd addressed the time limit for filing a § 2255 motion under § 2255 ¶ 6(3). Completely aside from the timeliness issue, Defendant Denson previously filed a 28

---

[1] In Apprendi, the Court confirmed the opinion expressed in Jones, that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490, 120 S.Ct. at 2362-63. Under Ring, a defendant is entitled to a jury determination of aggravating factors necessary for imposition of the death penalty. In Blakely, the Court applied Apprendi to a state sentencing guidelines sentence, and explained the term "statutory maximum." Booker extended the rationale of Apprendi and Blakely to the Federal Sentencing Guidelines.

[2] The one year limitations period for filing a § 2255 motion commences from the latest of the dates set forth in § 2255 ¶ 6; "[i]n most cases, the operative date . . . will be the one identified in ¶ 6(1): 'the date on which the judgment of conviction becomes final.'" Dodd, 125 S.Ct. at 2481 (quoting § 2255, other citation omitted). Since Defendant's conviction was final long before April 24, 1996 (when the limitations period became effective), unless a later commencement date applies under ¶ 6(2), (3), or (4), he had a one year grace period from that date to file a § 2255 motion. Goodman v. United States, 151 F.3d 1335, 1337 (11th Cir. 1998).

U.S.C. § 2255 motion, and relief was denied with prejudice.  Docs. 523 and 525 (report and recommendation as adopted).  *See also* Doc. 594, p. 2 (acknowledging prior proceeding).  This court denied a certificate of appealability and leave to appeal in forma pauperis, and the Eleventh Circuit ultimately dismissed for failure to prosecute by paying the filing fee.  Doc. 558.[3]

Given the prior § 2255 proceedings, Defendant must obtain authorization from the Eleventh Circuit before filing a second or successive § 2255 motion.  § 2255 (referencing § 2244); § 2255 Rule 9 ("[b]efore presenting a second or successive motion, the moving party must obtain an order from the appropriate court of appeals authorizing the district court to consider the motion, as required by 28 U.S.C. § 2255, para. 8.").  See Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003) (without authorization from the court of appeals, district court lacks jurisdiction to consider a second or successive § 2255 motion) (citations omitted).

Defendant's previous attempts to obtain relief under Apprendi, after his § 2255 motion had been denied, were rejected as attempts to file a second or successive motion without authorization from the court of appeals.  Docs. 546, 562 recommendation as adopted, denying motion to dismiss indictment), 561 (order denying motion to modify term of imprisonment).  The current § 2255 form motion must also be

---

[3] The notice of appeal was filed by the clerk on April 14, 1999, doc. 527, but not transmitted to the court of appeals until this court's order docketed on February 23, 2001.  *See* docs. 527, 547, 548.

Case Nos. 4:90cr4051-WS and 4:06cv16-WS/WCS

rejected as authorization has not been granted for filing.  Dodd does not change this result.[4]

Finally, Defendant is advised that authorization for filing such claims by second or successive motion has been denied in this circuit.  In re Anderson, 396 F.3d 1336, 1339-40 (11th Cir. 2005) (denying application to file second or successive motion under Blakely and Booker); In re Dean, 375 F.3d 1287, 1290-91 (11th Cir. 2004) (denying leave to file second or successive motion under Blakely); In re Joshua, 224 F.3d 1281, 1283 (11th Cir. 2000) (denying leave to file second or successive motion under Apprendi).  Even in the context of an initial § 2255 motion, the rule Defendant asserts here does not apply retroactively on collateral review.  See Varela v. United States, 400 F.3d 864, 867 (11th Cir.), *cert. denied*, __ U.S. __, 126 S.Ct. 312 (2005) (Blakely and Booker do not apply retroactively); McCoy v. United States, 266 F.3d 1245, 1256-58 (11th Cir. 2001) (Apprendi does not apply retroactively).

---

[4] Indeed, the Court there noted that the time limit applies to *all* motions, initial as well as second or successive ones, and § 2255 ¶ 8(2) "narrowly restricts an applicant's ability to file a second or successive motions."  125 S.Ct. at 2482-83.  "[B]ecause of the interplay between ¶ ¶ 8(2) and 6(3), an applicant who files a second or successive motion seeking to take advantage of a new rule of constitutional law will be time barred except in the rare case in which this Court announces a new rule of constitutional law and makes it retroactive within one year."  *Id.*, at 2483.

Case Nos. 4:90cr4051-WS and 4:06cv16-WS/WCS

It is, therefore, respectfully **RECOMMENDED** that the § 2255 motion filed by Defendant James Denson, doc. 594, be **SUMMARILY DISMISSED** as authorization for filing a second or successive motion has not been granted by the court of appeals.

**IN CHAMBERS** at Tallahassee, Florida, on April 19, 2006.

   S/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.